UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **ZIONS FIRST NATIONAL BANK,** )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>**GOLDSBERRY'S TRANSMISSION** )<br>**REPAIR, INC.,** *et al.* )<br>)<br>Defendants. )<br>)<br>)<br>**UNITED STATES OF AMERICA,** )<br>)<br>Cross/Counter Plaintiff, )<br>)<br>v. )<br>)<br>**ZIONS FIRST NATIONAL BANK,** )<br>)<br>Counter-Defendant, )<br>)<br>**GOLDSBERRY'S TRANSMISSION** )<br>**REPAIR, INC.,** *et al.* )<br>)<br>Cross-Defendants. ) | **CAUSE NO. 1:05-cv-1272-SEB-VSS** |

**ORDER OF PARTIAL JUDGMENT AND DECREE OF FORECLOSURE**

On December 9, 2005, Zions First National Bank ("Zions Bank") has filed its "Motion for Summary Judgment". More than 33 days have passed since Zions Bank filed its motion and the Defendants Goldsberry's Transmission Repair, Inc. and Samuel Goldsberry, Sr. have not filed a response thereto. The Court has reviewed the pleadings and designated materials related to Zions Bank's motion and is otherwise duly advised in the premises. The Court now finds that there is no genuine issue of material fact and that Zions Bank is entitled to summary judgment as a matter of law. The Court further finds that:

1.  This Court has subject matter jurisdiction over this matter because the United States is a party;

2.  The Court has personal jurisdiction over the parties. Further, each party has appeared and responded to Zions Bank's complaint and/or disclaimed its interest in the real estate that is the subject of this foreclosure action;

3.  Goldsberry's Transmission Repair, Inc. is in default on its March 26, 2002, Promissory Note (the "Note") to Zions Bank for failure to make payments under the terms of that Note and for failure to pay real estate taxes;

4.  Payment on the Note is secured by a mortgage (the "Mortgage") on two parcels of real estate legally described as:

Parcel Number 1:

> (Tract 3) A part of the West Half of the Southeast Quarter of Section 21, Township 16 North, Range 2 East of the Second Principal Meridian, Wayne Township, Marion County, Indiana, more particularly described as follows:
>
> Commencing at a stone found at the Northwest corner of said half quarter section; thence South 00 degrees 00 minutes 00 seconds East (assumed bearing) on and along the West line of said half quarter section 278.10 feet to the Place of Beginning of this described tract, said point marked by an iron pin; thence continuing South 00 degrees 00 minutes 00 seconds East on and along said West line 227.48 feet to a point on the centerline of U.S. No. 136 (Crawfordsville Road), as now located, said point marked by a railroad spike; thence North 63 degrees 27 minutes 12 seconds West on and along said centerline 145.41 feet to a point marked by a P.K. nail; thence North 26 degrees 32 minutes 48 seconds East 220.20 feet to a point marked by an iron pin; thence South 65 degrees 09 minutes 22 seconds East 43.76 feet to the Place of Beginning, containing 0.441 Acre, more or less

Parcel Number 2:

       A part of Tract No. 4

       A Part of the West Half of the Southeast quarter of Section 21, Township 16 North, Range 2 East of the Second Principal Meridian, Wayne Township, Marion County, Indiana, more particularly described as follows:

       Commencing at a stone at the Northwest corner of said half quarter section; thence South 00 degrees 00 minutes 00 seconds East (assumed bearing) on and along the west line of said half quarter section 278.10 feet to the Place of Beginning, said point marked by an iron pin found; thence continuing South 00 degrees 00 minutes 00 seconds East on and along said West line 193.94 feet marked by an iron pin set on the apparent North right-of-way line of U.S. No. 136 (Crawfordsville Road), as now located; thence North 26 degrees 32 minutes 48 seconds East 176.07 feet to the North line of Tract No. 4 marked by an iron pin set; thence on and along the North line of said Tract No. 4 North 65 degrees 09 minutes 22 seconds West 86.72 feet to the Place of Beginning. Containing 0.175 Acre, more or less.

5. Collectively, the parcels of real estate are commonly known as 8806 Crawfordsville Road, Indianapolis, Indiana 46234 (the "Real Estate");

6. Payment on the Note is also secured by Samuel J. Goldsberry, Sr.'s guaranty (the "Guaranty");

7. Zions Bank has accelerated the entire balance owed on the Note and the Guaranty;

8. Pursuant to the terms of the Note and the Mortgage, Zions Bank has paid $16,593.92 to the Marion County Treasurer for taxes owed on the Real Estate on Goldsberry's Transmission Repair, Inc.'s behalf;

9. Zions Bank is entitled to reimbursement for that tax payment, plus interest at the Note rate;

10. As of October 12, 2005, the balance owed on the Note was $166,938.39, which

consisted of the following:

| | |
|---|---:|
| Principal | $134,193.61 |
| Interest | 7,293.05 |
| Late charges | 296.44 |
| Taxes paid by Zions Bank | 16,593.92 |
| Appraisal fees | 2,300.00 |
| Internal collection fees | 1,377.50 |
| Phase I Environmental Report | 2,200.00 |
| Prepayment fee | 2,683.87 |

11.   Interest accrues at the annual rate of 10.75% of the principal balance;

12.   As of November 30, 2005, Zions Bank had incurred attorney's fees and expenses in the amount of $5,631.95 and anticipated additional fees of $1,500. The Court now finds that $7,131.95 is a reasonable fee for the services rendered in this matter;

13.   The United States Small Business Administration (the "SBA") has a mortgage on the Real Estate which was dated May 21, 2002, and was recorded by the Marion County Recorder on June 13, 2002. As of December 31, 2005, the principal balance owed to the SBA was $97,867.84;

14.   Zions Bank has agreed to subordinate its late charges, increased default interest and prepayment fees to the SBA's mortgage;

15.   The Marion County Treasurer has a lien on the Real Estate for real property taxes owed to it. The amount owed to the Treasurer is $1,259.76; and

16.   The United States of America Internal Revenue Service has a lien on the Real Estate for delinquent federal income taxes. As of October 15, 2005, the amount owed to the IRS was $13,885.69. Its lien was recorded by the Marion County Recorder on February 7, 2005.

**THEREFORE, IT IS HEREBY ORDERED THAT**:

A.  judgment is entered for Zions First National Bank and against Goldsberry Transmission Repair, Inc. and Samuel J. Goldsberry, Sr., jointly and severally, in the amount of $174,070.34, plus interest at the annual rate of 10.75% of the principal balance owed from October 13, 2005, to the date of judgment and at the statutory rate thereafter until the judgment is paid in full;

B.  Zions Bank's mortgage is foreclosed and Goldsberry's Transmission Repair, Inc.'s equity of redemption and interest in the real estate is foreclosed;

C.  the real estate and all right, title and interest of Goldsberry's Transmission Repair, Inc. and all persons claiming from, under or through it, in the real estate, shall be sold by the U.S. Marshal Services, in the manner provided by law, without relief from valuation and appraisement laws, and the proceeds thereof shall be applied as follows:

1) to the payment of costs for the sale; 2) to the payment of real estate taxes owed to the Marion County Treasurer; 3) to the payment of Zions Bank's judgment, minus the late charges of $296.44, prepayment fees of $2,683.87 and increased default interest; 4) to the payment of the SBA's mortgage note; 5) to the payment of Zions Bank's late charges, prepayment fees and increased default interest; 6) to the payment of the delinquent federal income taxes to the United States of America Internal Revenue Service; and 7) to the Clerk of this Court for distribution to any other person or entity claiming an interest;

D.  at the Marshal's sale, Zions Bank shall have the right to bid for the real estate. If Zions Bank is the successful bidder, it shall have the right to apply the amount of the judgment herein rendered, or as much of it as may be required, as a credit toward the purchase price;

E.  upon the execution by the U.S. Marshal of a deed of conveyance to the real estate, if it has not been previously redeemed by the person or persons entitled thereto, any person who may be in possession of the real estate, or any part of it, upon demand and exhibition of the Marshal's deed or a true copy thereof, shall immediately surrender the real estate to the holder of the Marshal's deed.  If the person in possession of the real estate refuses to fully and peacefully surrender possession of it, the U.S. Marshal shall immediately cause the person in such possession to vacate the real estate and give full and peaceful possession to the purchaser at the Marshal's sale;

F.  a copy of this order of judgment, duly certified by the Clerk of this Court, under the seal of this Court, shall be sufficient authority to the U.S. Marshal, to proceed as herein directed;

G.  the SBA shall have the right to redeem the real estate for one year after the date of the Marshal's sale; and

H.  the IRS shall have the right to redeem the real estate for 120 days after the date of the Marshal's sale.

**SO ORDERED**

Dated: 01/18/2006

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Steven J. Bradford, Kos & Associate, 110 West Berry Street, Suite 1904 Fort Wayne, IN 46802
Bruce D. Brattain, 151 North Delaware Street, Suite 760, Indianapolis, IN 46204
Tavonna S. Harris, Andrew J. Mallon, 200 East Washington Street, Suite 1601, Indianapolis, IN 46204
Sue Hendricks Bailey, Assistant United States Attorney, 10 West Market, Suite 2100, Indianapolis, IN 46204