UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ZIONS FIRST NATIONAL BANK, | ) | CAUSE NO. 1:05-cv-1272-SEB-VSS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| GOLDSBERRY'S TRANSMISSION REPAIR, INC; SAMUEL J. GOLDSBERRY, SR., PREMIER CAPITAL CORPORATION; CLERMONT ENTERPRISES, INC.; REPUBLIC BANK REAL ESTATE FINANCE, LLC; THE UNITED STATES SMALL BUSINESS ADMINISTRATION; THE WAYNE TOWNSHIP ASSESSOR; THE MARION COUNTY TREASURER; THE CITY OF INDIANAPOLIS DEPARTMENT OF METROPOLITAN DEVELOPMENT; And THE UNITED STATES OF AMERICA INTERNAL REVENUE SERVICE, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Cross/Counter Plaintiff, | ) ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ZIONS FIRST NATIONAL BANK, | ) | |
| | ) | |
| Counter-Defendant, | ) ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| GOLDSBERRY'S TRANSMISSION REPAIR, INC; SAMUEL J. GOLDSBERRY, SR.,CLERMONT ENTERPRISES, INC.; REPUBLIC BANK REAL ESTATE FINANCE, LLC; | ) ) ) ) ) | |

| | |
|---|---|
| THE WAYNE TOWNSHIP ASSESSOR; | ) |
| THE MARION COUNTY TREASURER; | ) |
| And THE CITY OF INDIANAPOLIS | ) |
| DEPARTMENT OF | ) |
| METROPOLITAN DEVELOPMENT; | ) |
| | ) |
| Cross-Defendants. | ) |

## SUMMARY JUDGMENT IN FAVOR OF THE UNITED STATES OF AMERICA AND DECREE OF FORECLOSURE

Comes now the United States of America, by Susan W. Brooks, United States Attorney for the Southern District of Indiana, and it is shown to the satisfaction of the Court that the counter-defendant, Zions First National Bank, and the cross-defendants, Goldsberry's Transmission Repair, Inc., Samuel J. Goldsberry, Sr., Clermont Enterprises, Inc., Republic Bank Real Estate Finance, LLC, The Wayne Township Assessor, the Marion County Treasurer, and the City of Indianapolis Department of Metropolitan Development, have been duly served, as more fully appears from the returns of service filed herein.

It appears that the counter-defendant, Zions First National Bank has filed an answer to the counter-complaint.

It appears that cross-defendants, Goldsberry's Transmission Repair, Inc., Samuel J. Goldsberry, SR., The Wayne Township Assessor, and the Marion County Treasurer, have all filed appearances and answers to the cross-complaint.

It appears that Clermont Enterprises, Inc., Republic Bank Real Estate Finance, LLC and the City of Indianapolis Department of Metropolitan Development have all filed disclaimers in this action.

The Court now FINDS the following:

1.  There is now due from the cross-defendants, Goldsberry's Transmission Repair, Inc. and Samuel J. Goldsberry, Sr., jointly and severally, the sum of $104,449.30 as of January 19, 2006, plus interest accruing to the date of judgment, plus payments due to semi-annual prepayment date, plus costs of this action and accruing costs, including but not limited to accrued interest, servicing fees, late fees, advances of real estate taxes, assessments, insurance premiums, and all other costs of collection in preservation of the real estate as agreed to by the parties or as further ordered by the Court, all without relief from valuation and appraisement laws.

2.  That said sums are secured by the mortgage referenced both in the plaintiff's complaint and in the United States' crossclaim and counterclaim, and that said mortgage is a first and prior lien upon said real estate as against all defendants, except the Marion County Treasurer for the payment of real estate taxes and Zions First National Bank, to the extent of said sums, and that the United States is entitled to have its mortgage foreclosed against the property described in the complaint and in the United States' crossclaim and counterclaim, and commonly known as 8806 Crawfordsville Road, Indianapolis, Marion County, Indiana.

3.  Zions First National Bank holds an interest upon the real estate described herein that is superior to that of the United States of America.  The interest of Zions First National Bank arises pursuant to its lien which was recorded April 8, 2002, as Instrument No. 2002-0067121 in the Office of the Recorder of Marion County, Indiana.

4. Zions First National Bank must subordinate any prepayment premiums, late fees, and increased default interest to the Small Business Administration loan.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED BY THE COURT:

1. That the United States of America be, and it hereby is granted, an in personam judgment against the cross-defendants, Goldsberry's Transmission Repair, Inc. and Samuel J. Goldsberry, Sr., jointly and severally, in the sum of $104,449.30 as of January 19, 2006, plus interest thereafter to date of judgment, plus payments due to semi-annual prepayment date, plus costs of this action and accruing costs, including but not limited to advances of real estate taxes, assessments, insurance premiums, and all other costs of collection in preservation of the real estate as agreed to by the parties or as further ordered by the Court, all without relief from valuation and appraisement laws.

2. That the equity of redemption of the defendant, Goldsberry's Transmission Repair, Inc., and all persons claiming by, through, or under it in and to said mortgaged premises located at 8806 Crawfordsville Road, Indianapolis, Marion County, Indiana, and legally described as follows, to-wit:  See Exhibit A attached hereto.

Be and the same is hereby forever barred and foreclosed, and that said real estate and all right, title, interest and claim of the defendants, and of all persons claiming by, through or under them in and to the same, or so much thereof as my be necessary for the purpose, unless the Marshal is notified by Plaintiff or the United States of America that the sale should not go forward, be sold by the United States Marshal for the Southern District of Indiana in accordance with the laws relating to foreclosure of real estate mortgages,

without right of redemption and without relief from valuation and appraisement laws, but subject to the statutory right of redemption of the United States of America pursuant to Title 28 of the United States Code, Section 2410. The real estate covered by said real estate mortgage may, at the election of the United States Marshal, be sold as a unit or in separate parcels as provided by 28 U.S.C. Sections 2001-2004. The Marshal, immediately upon consummating the sale, shall issue a Marshal's Deed to the purchaser; provided, however, that the interest acquired by the purchaser of the real estate at said sale shall be subject to any lien of Marion County, Indiana, for real property taxes in regard to said real estate, and further subject to any lien of a municipality for sewer fees assessed against the real estate, which lien is duly and properly recorded in the Marion County Recorder's Office prior to delivery of the sale deed to the purchaser.

3. That the United States of America retains the right of redemption granted it by 28 U.S.C. Section 2410 (C) for the mortgaged premises located in Marion County, Indiana, and more particularly described in Exhibit "A" attached hereto.

4. That the United States of America may submit a sealed written bid to the United States Marshal at any time prior to the marshal's sale. The Marshal shall unseal and publicly announce the United States' bid prior to receiving bids from persons present at the Marshal's sale. The public announcement of the United States' written bid shall have the same effect as if a representative of the United States were present and submitted its bid at the Marshal's sale. The United States may pay its bid with any part of the judgment that the United States is awarded in this judgment and Decree of Foreclosure.

5. That the proceeds arising from said sale of the real estate be applied as follows:

a.  To the payment of all costs and accruing costs.

b.  To the payment of real estate taxes owed to the Marion County Treasurer.

c.  To Zions First National Bank on its note dated March 26, 2002 in the original principal sum of $146,000.00 secured by a real estate mortgage on the above-referenced property recorded April 8, 2002, in the Office of the Recorder of Marion County, Indiana, as Document NO. 2002-0067121. The current balance owing on said note and mortgage per the Affidavit of Debt of Patrick Vargecko is $166,938.39 as of October 12, 2005, plus attorney fees plus interest accruing thereafter.  Zions First National Bank must subordinate any prepayment premium, late fees, and increased default interest to the Small Business Administration loan.

d.  To the payment of the judgment of the United States of America against the cross-defendants, Goldsberry Transmission Repair, Inc. in the sum of $104,449.30 as of January 19, 2006, plus interest thereafter to date of judgment, plus payments due to semi-annual prepayment date, plus costs of this action and accruing costs, including but not limited to advances of real estate taxes, assessments, insurance premiums, and all other costs of collection in preservation of the real estate as agreed to by the parties or as further ordered by the  Court, all without relief from valuation and appraisement laws.  Post judgment interest shall accrue thereafter at the legal rate pursuant to 28 U.S.C. Section 1961 (a), and shall be computed daily and compounded annually until paid in full;

      e.      To the payment of Zions Bank's late charges, prepayment fees and increased default interest.

      f.      To the payment of the delinquent federal income taxes to the United States of America Internal Revenue Service, and

      g.      The overplus, if any, remaining after the payment of the costs and accruing costs and the foregoing judgment with all interest thereon, shall be paid to the Clerk of this Court for the benefit of the persons lawfully entitled thereto and authorized to receive same.

6. That the defendant, Goldsberry's Transmission Repair, Inc., if residing on the property, or any other persons residing therein, shall vacate the real estate with ten (10) days of the sale.

7. That the United States Marshal, upon consummation of said sale, may place the purchaser of said real estate in immediate possession thereof.  At such time as the purchaser may request after sale of the property, the Marshal shall evict any defendant found occupying the premises herein foreclosed and deliver possession thereof to the purchaser, by application to the Court for Writ of Assistance.

8. Should the property sell for less than what is owed to the United States of America, then the United States shall have and recover a deficiency judgment against the cross-defendants, Goldsberry's Transmission Repair, Inc., and Samuel J. Goldsberry, Sr., jointly and severally, for any deficiency remaining after sale of

      the subject real estate and application of the proceeds, if any, to the debt of the

      United States of America.

It is so ORDERED.

Date: _01/24/2007_

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Steven I. Bradford
Edmund P. Kos
KOS & ASSOCIATES
110 West Berry Street, Suite 1904
Fort Wayne, IN  46802-2374

Bruce D. Brattain
Mario Garcia
BRATTAIN & MINNIX
151 N. Delaware Street
Suite 760
Indianapolis, IN  46204

Tavonna S. Harris
Andrew J. Mallon
200 East Washington Street, Suite 1601
Indianapolis, IN  46204

Gerald A. Coraz
Assistant United States Attorney
10 West Market Street, Suite 2100
Indianapolis, IN  46204-3048